[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13848
Non-Argument Calendar
_____

Agency No. A97-624-094

HECTOR FABIO POSSO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 12, 2007)**

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Hector Fabio Posso, through counsel, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming, without opinion, the immigration judge's ("IJ") order finding him removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

Applications for Asylum and Withholding of Removal

Posso argues that the IJ committed numerous errors when he denied Posso's application for asylum and withholding of removal. He argues that the IJ erred by making an adverse credibility finding because inconsistencies in his story were due to "inevitable problems associated with documents and testimony" and not because he was intentionally misrepresenting himself in his testimony. He also claims that inconsistencies between his application and his testimony were minor and non-material and that the failure to include information on his application should not support an adverse credibility finding. Therefore, he asserts that the IJ's adverse credibility finding is not supported by substantial evidence. In addition, Posso argues that the assassination of his employer, who was a politician, threatening telephone calls he received, threatening visits he received where guns were

2

displayed, and a threat to his wife constituted more than mere harassment and rose to the level of persecution.

Because the BIA summarily affirmed the IJ without opinion, we review the IJ's opinion. see 8 C.F.R. § 1003.1(e)(4); Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). "To the extent that the [IJ's] decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817 (11th Cir. 2004). "The IJ's findings of fact are reviewed under the substantial evidence test," and we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1261 (11th Cir. 2004). In addition, we cannot find, or consider, facts that were not raised before in the administrative forum. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) .

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's
> nationality or, in the case of a person having no
> nationality, is outside any country in which such person

3

last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Najjar, 257 F.3d at 1287 (quotations omitted) (emphasis in original). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). We have held that "persecution," as used to illustrate that an alien has suffered "past persecution," is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to

4

persecution." Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alterations omitted).

We review credibility determinations under the substantial evidence test, and "this court may not substitute its judgment for that of the [IJ] with respect to credibility findings." D-Muhumed, 388 F.3d at 818. In order to review a credibility determination, it must first be established that the IJ made an adverse credibility finding. See Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "IJ's must make clean determinations of credibility." Id. (quotation omitted). Furthermore,

> the IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue, 401 F.3d at 1287 (citations and quotations omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. However, "an adverse credibility determination does not alleviate the IJ's duty to consider

5

other evidence produced by an asylum applicant." If an applicant produces evidence beyond his own testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id.

In this case, the IJ cleanly made an adverse credibility finding which was supported by substantial evidence. Moreover, the contradictions in Posso's testimony and asylum application are neither minor or non-material and go to the heart of Posso's claim because they relate to when Posso moved in response to the threats he claims he received.

Additionally, although the district court still had to look at the other evidence Posso submitted in support of his application, none of the other evidence Posso submitted established that he had been threatened. Therefore, there is substantial evidence supporting the IJ's finding that Posso failed to show that he suffered past persecution or had a well-founded fear of future persecution. Accordingly, Posso failed to establish that he was entitled to asylum. See Najjar, 257 F.3d at 1287. Likewise, Posso also failed to meet the more difficult standard used for withholding of removal. See id. at 1292-93.

CAT Claim

Posso also argues that the IJ erred in denying his claim for CAT relief. The government responds that this Court does not have jurisdiction to review the denial of Posso's CAT claim because Posso did not challenge that denial before the BIA.

We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We "may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The requirements of § 1252(d) are jurisdictional. Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). Therefore, we do not have jurisdiction to review immigration claims that are not raised before the BIA. See Fernandez-Bernal v. Attorney General, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

Because Posso failed to mention either his CAT claim or torture in either his notice of appeal to the BIA or in the brief supporting his appeal to the BIA, we do not have jurisdiction to review the IJ's denial of Posso's CAT claim. See Fernandez-Bernal, 257 F.3d at 1317 n.13.

BIA's Affirmance Without Opinion

Finally, Posso argues that the BIA erred by affirming the IJ's order without an opinion because the errors by the IJ were material and significant. Under 8 C.F.R. § 1003.1(e)(4), a single member of the BIA may affirm, without opinion, the decision of the IJ if the member determines that, inter alia, any errors in the IJ's decision were harmless or nonmaterial.

We must reject Posso's claim that the IJ committed harmful and material error. Before the BIA, Posso raised the same arguments he raised on appeal and

7

which have been found to be without merit herein. Because the IJ did not err, the BIA's affirmance without opinion was neither harmful nor material error.

**PETITION DENIED.**